RECEIVED
JUL 1 5 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# In the United States Court of Federal Claims

No. 09-174 C

(Filed May 7, 2009)

**UNPUBLISHED**

FILED
MAY 7 2009
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| YAKOV G. DRABOVSKIY, *Plaintiff*, v. THE UNITED STATES, *Defendant.* | Tort Claim; 28 U.S.C. §§ 1346(b)(1), 1491(a)(1), 1631, 2401(b), 2671-2680 (2006); Transfer to a United States District Court. |

*Yakov G. Drabovskiy*, Oakdale, LA, *pro se.*

*David M. Hibey*, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**BUSH**, *Judge.*

The court has before it plaintiff's *pro se* complaint, filed March 19, 2009. Because the court lacks jurisdiction over plaintiff's tort claim, the court *sua sponte* considers transferring this case to another court. For the reasons set forth below, transfer to the United States District Court for the Western District of Louisiana is appropriate.

Mr. Yakov G. Drabovskiy is incarcerated at the Federal Detention Center, Oakdale, Louisiana (the prison). Compl. at 1. The complaint alleges a "negligent act in the medical facility" of the prison. *Id.* Plaintiff relies primarily on the

Federal Tort Claims Act, 28 U.S.C. § 2671-2680 (2006) (FTCA), for relief in this court.[1] *See id.* at 3 (requesting $2,000,000 in compensation "[u]nder 28 U.S.C. § 2674 and/or under any appropriate law"). This court cannot afford plaintiff relief for his claim, because he seeks compensation for negligent medical care, a tort.

This court's grant of jurisdiction does not extend to tort claims. 28 U.S.C. § 1491(a)(1) (2006) (expressly excluding cases "sounding in tort"). Jurisdiction over tort claims filed under the FTCA lies in the district courts. *See* 28 U.S.C. § 1346(b)(1) (2006). Simply put, Mr. Drabovskiy has filed his suit in the wrong federal court.

Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2006), which states in relevant part that

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

---

[1] Plaintiff also cites the Eighth Amendment to the United States Constitution, in relation to the "infliction of pain" he has allegedly suffered. Compl. at 2. The *pro se* complaint, a three-page document containing very little exposition of the legal theories upon which plaintiff relies, could be construed to seek relief from this court under the Eighth Amendment. *Id.* (stating that the actions of the Federal Bureau of Prisons were "prohibited by the Amendment VIII of the federal constitution"). It is undisputed that "[t]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment." *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (citations omitted). The considerations which compel the court to transfer plaintiff's tort claim to a district court also favor the transfer of any Eighth Amendment claim presented in the complaint.

*Id.* "Transfer is appropriate when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631). The first condition of the transfer statute has been met, because this court lacks jurisdiction over tort claims.

The court believes that jurisdiction over Mr. Drabovskiy's tort claim, which alleges liability of the United States for negligent medical care in the prison, lies in a district court. *See* 28 U.S.C. §§ 1346(b)(1); 2674; *see also* Compl. Att. 1 (letter from the Federal Bureau of Prisons notifying plaintiff of his appeal rights "in the appropriate United States District Court"). Plaintiff has also apparently satisfied a prerequisite of the FTCA, 28 U.S.C. § 2675, by filing an administrative claim with the Federal Bureau of Prisons, which was denied. *See* Compl. Att. 1. In addition, plaintiff appears to have filed a timely claim under the FTCA. *See* 28 U.S.C. § 2401(b). The Western District of Louisiana is the district of plaintiff's residence and the district where the alleged tort took place. For all of these reasons, the court believes that this suit could have been brought in United States District Court for the Western District of Louisiana at the time it was filed here.[2]

---

[2] It is unclear whether plaintiff's tort claim will survive a more exhaustive jurisdictional review in the district court. *See, e.g.*, 28 U.S.C. §§ 2671-2680 (containing several provisions limiting the scope of the waiver of sovereign immunity provided by the FTCA); *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) ("Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992))). Nonetheless, the court believes that depriving plaintiff of a forum for his claims would be premature at this juncture. *See Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005) (noting that section 1631 provides a "statutory requirement that transfer be considered to cure jurisdictional defects"). Plaintiff's *pro se* complaint, despite its brevity, appears to contain factual allegations that conceivably implicate the FTCA or the Eighth Amendment. *See Gil v. Reed*, 381 F.3d 649, 659, 664 (7th Cir. 2004) (vacating the dismissal of a *pro se* federal prisoner's FTCA claim alleging negligent medical care by prison medical staff); *Goree v. United States*, No. 5:06cv61-DCB-MTP, 2007 WL 2562439, at *1 (S.D. Miss. Aug. 14, 2007) (considering a *pro se* federal prisoner's FTCA claim alleging negligent medical care by prison medical staff); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (stating that "deliberate indifference to serious medical needs of prisoners [is] proscribed by the Eighth Amendment") (citation omitted). Thus, despite the possibility that a district court may ultimately determine that it lacks jurisdiction over plaintiff's case, this court's role in the examination of the second

(continued...)

Accordingly, the second condition of the transfer statute has been met.

As to the interest of justice, the third condition of the three-part test, the FTCA imposes a six month statute of limitations on plaintiff's tort claim. *See* 28 U.S.C. § 2401(b). Almost five months of this period have elapsed, and there is a significant risk that dismissal of Mr. Drabovskiy's tort claim by this court would leave him too little time to prepare his complaint and to timely file it in the appropriate district court. One compelling reason for transfer is when a statute of limitations would possibly bar a newly filed claim, that would otherwise, if transferred pursuant to section 1631, be considered to have been timely filed as of the date of its original filing in this court. *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005) (citation omitted). For this reason, the court believes that it is in the interest of justice to transfer plaintiff's tort claim to a district court. Thus, all of the conditions of the transfer statute have been met in this instance.[3]

Accordingly, it is hereby **ORDERED** that the Clerk's office is directed, pursuant to 28 U.S.C. § 1631, to **TRANSFER** this suit to the United States District Court for the Western District of Louisiana. No costs.

LYNN J. BUSH
Judge

---

[2](...continued)
condition of the transfer statute is to merely discern whether a district court might have jurisdiction over plaintiff's claims.

[3]/ The complaint may include other claims cognizable in the district court, in addition to plaintiff's tort claim. *See supra* notes 1-2. Because plaintiff's *pro se* complaint may contain more than one claim, the court will transfer plaintiff's entire suit, not just his claim under the FTCA. *See Edelmann v. United States*, 76 Fed. Cl. 376, 384 (2007) (transferring all of the *pro se* plaintiffs' claims in that case, even those not obviously vulnerable to a statute of limitations defense, in the interest of justice).